a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DERRICK JEROME MAXIE #2288821, Plaintiff | CIVIL DOCKET NO. 5:22-CV-01832 SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Derrick Jerome Maxie ("Maxie"). ECF No. 4. Maxie is an inmate in the custody of the Texas Department of Criminal Justice incarcerated at the Thomas R. Mechler facility in Tulia, Texas. Maxie challenges his conviction and sentence imposed in the Eleventh Judicial District Court, De Soto Parish, Louisiana.

Because Maxie's Petition is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

I.  **Background**

Maxie was convicted of attempted second-degree murder and armed robbery. His convictions were affirmed. *State v. Maxie*, 30,877 (La.App. 2 Cir. 8/19/98); 719 So.2d 104; *see also State v. Maxie*, 2001-2353 (La. 9/20/02); 825 So.2d 1157.

1

Maxie filed an application for post-conviction relief, which was denied as untimely. *State v. Maxie*, 37322-KH (2d Cir.); *State ex rel. Maxie v. State*, 2003-1041 (La. 4/30/04); 872 So.2d 478.

Maxie alleges that his conviction was made by a non-unanimous jury in violation of his constitutional rights. ECF No. 7.

II. <u>Law and Analysis</u>

    A. <u>Maxie's Petition is controlled by Rule 4 of the Rules Governing § 2254 Cases.</u>

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by a court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases). This is such a pleading.

    B. <u>Maxie's Petition is untimely.</u>

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period runs from the latest of:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States

                is removed, if the applicant was prevented from filing by such State action;
(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the one-year limitations period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). Federal courts may raise the one-year limitations period *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

Maxie's Petition is untimely under § 2244(d)(1)(A). His application for post-conviction relief was filed in 2003. ECF No. 7 at 3. Assuming the prescriptive period was tolled while the application was pending, it was finally denied on April 30, 2004. Maxie had one year from that date within which to file a § 2254 Petition.

Maxie does not allege any new factual predicate or state-created impediment, so § 2244(d)(1)(B) and (D) are not applicable.

Maxie seems to rely on § 2244(d)(1)(C), arguing that he is entitled to relief under *Ramos v. Louisiana*, 140 S. Ct. 1390, 1407 (2020). In *Ramos,* the United States Supreme Court recognized jury unanimity is required under the Constitution. Maxie states that the jury that convicted him was 11-1. Nonetheless, the Supreme Court has since held that "*Ramos* announced a new rule of criminal procedure" that "does not apply retroactively on federal collateral review." *Edwards v. Vannoy*, 141 S. Ct. 1547, 1562 (2021). And although the Supreme Court noted that the states "'remain

free, if they choose, to retroactively apply the jury-unanimity rule as a matter of state law in state post-conviction proceedings,'" the Louisiana Supreme Court has determined that *Ramos* does not apply retroactively on collateral review in Louisiana. *State v. Reddick*, 2021-01893 (La. 10/21/22), 2022 WL 12338521 (quoting *Edwards*, 114 S.Ct. at 1559. Therefore, Maxie does not rely a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). As such, his Petition is untimely.

### C. <u>Maxie is not entitled to equitable tolling.</u>

Although the AEDPA's one-year statutory deadline can be equitably tolled in exceptional circumstances, none exist in this case. *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998).

A petitioner bears the burden of proof to invoke equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). A petitioner must show diligent pursuit of rights, and that some extraordinary circumstance prevented timely filing. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). Highlighting the doctrine's limited scope, the Fifth Circuit has stated that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted)).

Maxie provides no extraordinary circumstance that prevented him from timely filing a habeas petition.

III. <u>Conclusion</u>

Because Maxie's Petition (ECF No. 4) is untimely and he is not entitled to equitable tolling, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A

courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Tuesday, January 24, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE